UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FILED
-PS-
2008 JUN 13  AM 11: 54

U.S. DISTRICT COURT
W.D.N.Y. - BUFFALO

HERMAN PETERSON,

    Plaintiff,

-v-

**DECISION AND ORDER**
08-CV-6059L

NEW YORK STATE DEPARTMENT OF LABOR
ROCHESTER POLICE DEPARTMENT, and
MONROE COUNTY SHERIFF,

    Defendants.

## INTRODUCTION

Plaintiff Herman Peterson has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has requested permission to proceed *in forma pauperis* (Docket No. 2). Additionally, plaintiff has filed a motion seeking to prevent defendants from withdrawing money form his account and to pay him monetary damages (Docket No. 3). Plaintiff claims that the defendants, the New York State Department of Labor, the City of Rochester Police Department, and the Monroe County Sheriff, have violated his constitutional rights, based on a 1998 arrest for unemployment benefit fraud and allegedly related withdrawal of funds. Plaintiff's request to proceed as a poor person is granted. For the reasons discussed below, the complaint will be dismissed with prejudice pursuant

to 28 U.S.C. § 1915(e)(2)(B) unless plaintiff response to this Order and establishes a basis for pursuing the federal action.

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a), plaintiff is granted permission to proceed *in forma pauperis*. Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall dismiss a case in which *in forma pauperis* status has been granted if, at any time, the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. *And see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)).  Where a litigant is proceeding *pro se*, however, the Court is still required to read the complaint liberally. *See Erickson v. Pardus*, --- U.S. ----, 127 S.Ct. 2197, 2200 (2007) (citing *Estelle v. Gamble,* 429 U.S. 97, 104-105 (1976) ("a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers"). "The policy of liberally construing pro se submissions is driven by the understanding that '[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training.' " *Abbas*, 480 F.3d at 639 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir.1983)).

In evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. See Larkin v. Savage, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); King v. Simpson, 189 F.3d 284, 287 (2d Cir. 1999). Nevertheless, even pleadings submitted pro se, must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure by providing sufficient factual allegations "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, --- U.S. ----, ----, 127 S.Ct. 1955, 1965 (2007). In the Second Circuit, Rule 8 standard set forth in Twombly does not require "a universal standard of heightened fact pleading, but is instead requiring a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Id. at 157– 58 (emphasis in original). Generally, the Court will afford a pro se plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." Abbas, 480 F.3d at 639 (quoting Gomez v. USAA Federal Savings Bank, 171 F.3d 794, 796 (2d Cir. 1999) (per curiam )). With these standards in mind, the Court finds that plaintiff's claims are subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because they fail to state a claim upon which relief may be granted. Nevertheless, the Court will afford plaintiff an opportunity to respond to

this Order with any additional information that could establish a basis for proceeding on his claims.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. In order to state a claim under § 1983, plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Dwares v. City of New York*, 985 F.2d 94, 98 (2d Cir. 1993). Plaintiff's alleges that the City of Rochester Police Department and the Monroe County Sheriff falsely arrested him and held him in jail in 1998, because the New York State Department of Labor falsely accused him of fraudulently receiving unemployment checks. Plaintiff asserts that he was wrongfully held in jail on the false charges until the Grand Jury found there was not sufficient evidence to indict him. Further, plaintiff claims that in November 2007, the New York State Department of Labor began taking $350 per week from him, and claiming that he owes them $10,000. For the reasons set forth below, the claims are subject to dismissal.

First, plaintiff's claims against the New York State Department of Labor cannot proceed. The Eleventh Amendment bars federal court claims against states, absent their consent to such suit or an express statutory waiver of immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98-100 (1984).

The Eleventh Amendment bar extends to agencies and officials sued in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). "An official arm of a state," such as the Department of Labor, "enjoys the same Eleventh Amendment immunity from suit in federal court as is enjoyed by the state itself." *Posr v. Court Officer Shield No. 207*, 180 F.3d 409, 414 (2d Cir. 1999). Plaintiff may therefore sue the New York State Department of Labor only if the state agency has consented to be sued. *Pennhurst*, 465 U.S. at 99-101. Since there is no consent, the Eleventh Amendment bars the plaintiff's suit against the defendant.

Second, plaintiff's claims against the City of Rochester Police Department and the Monroe County Sheriff are based on complained-of events that occurred in 1998. The statute of limitations for actions brought pursuant to 42 U.S.C. § 1983 in New York State is the three-year period provided for in New York's CPLR § 214(2). *Owens v. Okure*, 488 U.S. 235, 251 (1989); *Jewell v. County of Nassau*, 917 F.2d 738, 740 (2d Cir. 1990) (per curiam). Thus, the time in which plaintiff could have filed claims against these defendants appears to have expired several years prior to the filing of this action February 8, 2008.

Nevertheless, "'federal courts [are] obligated not only to apply the analogous New York statute of limitations to ... federal constitutional claims, but also to apply the New York rule for tolling that statute of limitations.'" *Jewell v. County of Nassau*, 917 F.2d at 740, (quoting *Board of Regents v. Tomanio*, 446

U.S. 478, 483 (1980)) (alteration in *Jewell*); see also *Hardin v. Straub*, 490 U.S. 536, 539-40 (1989).

New York has codified the circumstances under which a limitations period may be tolled. These include, inter alia, periods during which: (1) the commencement of an action has been stayed by court order or by statute, N.Y. CPLR § 204(a); (2) a dispute that is ultimately determined to be nonarbitrable has been submitted to arbitration, *id.* § 204(b); (3) the defendant is outside New York when and after a claim accrues against him, *id.* § 207; and (4) the plaintiff is disabled by infancy or insanity when and after his claim accrues, *id.* § 208. See *Jewell*, 917 F.2d at 740 & n. 1 (reviewing New York tolling provisions).

The Court cannot determine from plaintiff's complaint whether any tolling provisions apply to the claims here. "The pleading requirements in the Federal Rules of Civil Procedure, however, do not compel a litigant to anticipate potential affirmative defenses, such as the statute of limitations, and to affirmatively plead facts in avoidance of such defenses." *Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007) (citing *Jones v. Bock*, --- U.S. ----, 127 S.Ct. 910, 920, 166 L.Ed.2d 798 (2007) (holding that 28 U.S.C. § 1915A does not require prisoners affirmatively to plead that they have exhausted their administrative remedies)). Accordingly, the Court will allow plaintiff an opportunity to be heard on the question of the statute of limitations and any arguments for tolling. Plaintiff may have until July 17, 2008

to respond to this Order and provide any additional information establishing why the claims are not barred by the statute of limitations.

## CONCLUSION

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a). Accordingly, plaintiff's request to proceed *in forma pauperis* is granted.

For the reasons set forth above, plaintiff's complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). Because plaintiff is proceeding *pro se* and he is not required to initially address the statute of limitations in his pleadings, however, he is granted an opportunity to respond to this Order by **July 17, 2008** and provide any additional information establishing why the claims are not barred by the statute of limitations.

Plaintiff is forewarned that his complaint will still be reviewed upon receipt of his response. If the claims remain clearly barred by the statute of limitations, or if he fails to respond as directed, the § 1983 complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

To the extent that plaintiff is attempting to obtain injunctive relief pursuant to Fed R. Civ. P. 65(b), such motion is denied. Plaintiff's papers do not comply with either prong of the rule. Plaintiff does not describe any effort to notify opposing parties of his motion for injunctive relief, and his papers neither (1) demonstrate a likelihood of success on the merits and irreparable injury, nor (2) raise serious questions going to the merits, with the balance of hardship tipping in

the plaintiff's favor. *Abdul Wali v. Coughlin*, 754 F.2d 1015, 1025 (2d Cir. 1985), *Paulsen v. County of Nassau*, 925 F. 2d. 65, 68 (2d Cir. 1991). Accordingly, the motion (Docket No. 3) is denied.

### ORDER

IT HEREBY IS ORDERED, that plaintiff's motion to proceed *in forma pauperis* is granted;

FURTHER, that plaintiff is granted leave to file a response as directed above by **July 17, 2008**;

FURTHER, that the plaintiff's motion for relief (Docket No. 3) is denied;

FURTHER, that in the event plaintiff fails to file a response as directed above by **July 17, 2008**, the § 1983 complaint shall be dismissed with prejudice without further order of the Court;

FURTHER, that in the event the complaint is dismissed because plaintiff has failed to file an amended complaint by **July 17, 2008**, the Clerk of the Court shall close this case as dismissed with prejudice without further order; and

FURTHER, that in the event the complaint is dismissed because plaintiff has failed to file an amended complaint by **July 17, 2008**, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to

the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated:   June 13, 2008